JAMES M. RICE'S ADM'RS, ET AL., *v.* D. S. HOUNSHELL.

[Abstract Kentucky Law Reporter, Vol. 1—405.]

**Necessary Party to Suit to Revive a Judgment.**
> One having an equity in a judgment is a necessary party, either plaintiff or defendant, to a suit to revive the judgment.

**Petition to Revive Judgment.**
> To be sufficient a petition to revive a judgment must describe the judgment desired to be revived, so as to enable the defendants to defend.

APPEAL FROM CAMPBELL CIRCUIT COURT.

November 9, 1880.

OPINION BY JUDGE COFER:

The utmost effect of the order at the end of the judgment first

rendered was to invest the appellee with an equity to $200 of Hallam's judgment against the insurance company, and we think it had that effect. Having only an equity, Hallam was a necessary party, either plaintiff or defendant, to a suit to revive the judgment.

It is, moreover, impossible to determine from the petition which of the two judgments the appellee sought to revive. He did not describe either in such a way as to enable the court to know what he desired, or to enable the appellants to defend. Moreover, if the petition had been sufficient the only order proper to be made was an order to revive the former judgment to the extent it remains unsatisfied, and this being done the former sale should have been disposed of in some way before ordering a second sale.

Wherefore the judgment is *reversed* and cause remanded for further proper proceedings.

*J. G. Carlisle, for appellants.    A. Duvall, for appellee.*